IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ADDISON QUINTANA,<br><br>     Plaintiff,<br><br>v.<br><br>NUTRIEN LTD, a Canadian limited liability company, NUTRIEN FINANCIAL, Nutrien's wholly owned finance company, and AGRIUM U.S., Inc.<br><br>     Defendants. | CIVIL ACTION NO. _____<br><br>REMOVED FROM THE DISTRICT COURT, LARIMER COUNTY, COLORADO |

## NOTICE OF REMOVAL

Defendants, NUTRIEN LTD, NUTRIEN FINANCIAL, and AGRIUM U.S., INC. (collectively, "Nutrien"),[1] pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, submit the following Notice of Removal with respect to the above captioned case, which was filed in the District Court, Larimer County, Colorado, Case No. 2023CV30060.  In support of this Notice of Removal, Nutrien states the following:

### TIMELINESS AND BACKGROUND

1.     On January 27, 2023, Plaintiff Addison Quintana commenced a civil action against Nutrien by filing a Complaint in the District Court, Larimer County, Colorado. The lawsuit is recorded on that court's docket as Case No. 2023CV30060.

2.     On February 6, 2023, Plaintiff served the Complaint on "Nutrien US LLC." On February 10, 2023, Plaintiff served the Complaint on "Nutrien Financial" and "Nutrien Ag

---

[1] All defendants in this action are represented by the undersigned attorneys and consent to the removal of this case.

Solutions, Inc." Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Complaint, which constitute "all summons, pleadings, and orders" served upon Nutrien in the state court action, are attached hereto as Exhibit A. Because Nutrien has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3.     Plaintiff brings claims alleging tortious interference with a contract, race discrimination and retaliation in violation of 42 U.S.C. § 1981, and sex and race discrimination in violation of 42 U.S.C § 1985(3). (*See generally* Ex. A, Compl.)

4.     Plaintiff seeks actual damages, compensatory damages, punitive damages, pre-judgment and post-judgment interest, appropriate tax offset, attorneys fees and costs, and further relief as justice requires. (*See generally* Ex. A, Compl.)

## BASIS FOR REMOVAL

### Federal Question

5.     28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

6.     Plaintiff's Complaint asserts claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1985. Therefore, original federal question jurisdiction exists here because the claims arise under federal statutes.

### Supplemental Jurisdiction

7.     28 U.S.C. § 1367 provides that district courts shall have supplemental jurisdiction over all other claims that are so related to a plaintiff's federal cause of action "that they form part of the same case or controversy under Article III of the United States Constitution." Claims "form part of the same case or controversy" when they share with the federal claims "a common

NOTICE OF REMOVAL

nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

8.      Here, Plaintiff alleges she provided services to Nutrien pursuant to a contract she had with WorkThru, and that the contract was terminated for "discriminatory and retaliatory reasons." (Compl. ¶¶ 26, 109.) Plaintiff bases all of her claims on this same theory of liability. (*Compare* ¶ 109 *with id.* ¶¶ 114, 122, 130.) Therefore, Plaintiff's tortious interference claim is based on a common nucleus of operative alleged facts as her federal law claims, rendering supplemental jurisdiction proper with respect to her state law claim.

## VENUE AND NOTICE

9.      Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because, pursuant 28 U.S.C. § 85, this District embraces the District Court, Larimer County, Colorado, the place where the removed action had been pending. 28 U.S.C. § 1441(a).

10.     Promptly after the filing of this Notice of Removal, Nutrien will file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal and Exhibit A, in the District Court, Larimer County, Colorado, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. 1446(d).

## RESERVATION OF RIGHTS

11.     By filing this Notice of Removal, Nutrien neither concedes nor waives any defense or motion relating to this action.

12.     Should Plaintiff seek to remand this case to state court, Nutrien respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Nutrien asks that the Court retain

NOTICE OF REMOVAL

jurisdiction and allow Nutrien to file a motion asking this Court to certify any remand order for interlocutory review by the U.S. Court of Appeals for the Tenth Circuit, pursuant to 28 U.S.C. § 1292(b).

      WHEREFORE, Nutrien submits that this action is properly removable based on federal question jurisdiction and supplemental jurisdiction, and respectfully requests that the above-described action pending against it be removed to the U.S. District Court for the District of Colorado.

DATED:  March 8, 2023                Respectfully submitted,

                                    SEYFARTH SHAW LLP

By: */s/ Sarah K. Bauman*
     Ellen McLaughlin (admission pending)
     emclaughlin@seyfarth.com
     Brandon L. Dixon (admission pending)
     bdixon@seyfarth.com
     Sarah K. Bauman
     sbauman@seyfarth.com

     SEYFARTH SHAW LLP
     233 South Wacker Drive
     Suite 8000
     Chicago, Illinois  60606-6448
     Telephone:  (312) 460-5000
     Facsimile:  (312) 460-7000

     ***Attorneys for Defendants***

NOTICE OF REMOVAL

92798714v.3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, as listed below, via U.S. Mail on the 8th day of March, 2023:

>Iris Halpern
>Laurie Jaeckel
>ih@rmlawyers.com
>lj@rmlawyers.com
>Rathod Mohamedbhai LLC
>2701 Lawrence St., Suite 100
>Denver, CO 80205
>Telephone: 303-578-4400
>Fax: 303-578-4401

>By: */s/ Sarah K. Bauman*
>    Attorney for Defendants

NOTICE OF REMOVAL